IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DAVIS, MICHAEL FELTZ, and MARK JOHNS, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SOH DISTRIBUTION COMPANY, INC. and SNYDER'S OF HANOVER, INC., <br><br> Defendants. | CASE NO. 08-CV-5927 <br><br> JUDGE GOTTSCHALL <br> MAGISTRATE JUDGE BROWN |

**DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants, SOH Distribution Co., Inc. ("SOH") and Snyder's of Hanover, Inc. ("Snyder's"), by their undersigned counsel, move this Court to dismiss this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a) or, in the alternative, to transfer venue to the Middle District of Pennsylvania. Additionally, SOH and Snyder's move this Court to dismiss Snyder's from this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Finally, SOH and Snyder's move this Court to partially dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for unjust enrichment, attorney's fees or punitive damages. In support thereof, Snyder's and SOH assert as follows:

1.  On October 16, 2008, and despite the clear terms of the applicable forum selection clauses, Plaintiffs, Robert Davis, Michael Feltz, and Mark Johns filed a Complaint against Synder's and SOH in this Court arising out of separate Distributor's Agreements between each Plaintiff and SOH ("Agreements").[1]

---

[1] In Paragraph 11 of the Complaint, Plaintiffs contend that each of the Agreements whether between Plaintiffs or any other member of the alleged class, "is the same in all material respect." As such, and as Plaintiffs have referenced and utilized the Agreements in the Complaint and as the Agreements define the relationship between Plaintiffs and SOH, a true and correct copy of the Agreement between SOH and Plaintiff, Michael Feltz is attached to the Brief in Support of this Motion as Exhibit 1 and as a sample of the Agreements.

2. The Complaint generally alleges that SOH improperly classified Plaintiffs as independent contractors, rather than employees, in violation of 820 Ill. Com. Stat. 115/9 (the "Wage Act"), which was allegedly done through the Agreements. As such, the Agreements are at the heart of Plaintiffs' claims and the resolution of Plaintiffs' claims clearly hinges on an interpretation of the Agreements. See Complaint ¶¶11-13 & 18-19.

3. Snyder's is not a party to the Agreements between Plaintiffs and SOH.

4. The Agreements entered into between SOH and Plaintiffs contain a choice of forum provision expressly mandating that if "any dispute" arises between the parties, "Distributor shall file any suit against SOH only in the federal or state court having jurisdiction where SOH principal office is then located." See Exhibit 1, ¶30(c) (emphasis added). The forum provision further clearly provides that the "Distributor irrevocably submits to the jurisdiction of any such court and waives any objection it may have to either the jurisdiction or venue of any such court." Id.

5. As set forth in the Agreements, and as Plaintiffs admit in the Complaint, SOH's principle place of business is located in Hanover, PA, which is located in the Middle District of Pennsylvania. See Exhibit 1, p. 1; see also Complaint ¶2.

6. Accordingly, Plaintiffs instituted this action in an improper venue, and the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a).

7. In the alternative, SOH and Snyder's request that pursuant to 28 U.S.C. 1406(a), this Court transfer this action to the United States District Court for the Middle District of Pennsylvania, the venue expressly agreed to by the parties, if this Court determines that, in the interest of justice, a transfer is preferable to a dismissal.

8. Also, in the alternative, if this Court determines that venue is proper in this Court, this Court should transfer this case pursuant to 28 U.S.C. 1404(a). See Exhibit 1 and Affidavit of Deborah Schuman, a true and correct copy of which is attached to the Brief as Exhibit 2.

9. Furthermore, based upon well established principles and case law, Snyder's should be dismissed from this case because the Complaint does not state a cause of action against Snyder's.

10. Count IV of the Complaint for unjust enrichment should be dismissed because such a claim may not be brought in a class action lawsuit as unjust enrichment claims require a showing of damages for each plaintiff and would require individualized proof. Additionally, the

relationship between each Plaintiff and SOH is admittedly governed by an express contract, and it is well established that the doctrine of unjust enrichment has no application where a specific contract governs the relationship of the parties.

11. Additionally, Plaintiffs' claims for attorney's fees should be dismissed because a successful party may not generally recover attorney's fees in the absence of a statute and the Wage Act, the statute under which Plaintiffs bring their Complaint, does not, in this case, authorize attorney's fees to the prevailing party. Additionally, Plaintiffs have failed to cite any other basis for seeking to recover attorneys' fees in this action.

12. Finally, Plaintiffs' claims for punitive damages should be dismissed as neither Plaintiffs' claims under the Wage Act nor their claims for unjust enrichment permit the recovery of punitive damages.

WHEREFORE, SOH and Snyder's respectfully requests that this Honorable Court dismiss the Complaint for improper venue, or in the alternative, to transfer the case to the Middle District of Pennsylvania. Additionally, this Court should dismiss Snyder's for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Finally, SOH and Snyder's move this Court to partially dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a proper claim for unjust enrichment, attorneys' fees or punitive damages.

        SOH DISTRIBUTION COMPANY, INC.
        and SNYDER'S OF HANOVER, INC.

Dated: December 10, 2008        By: /s/ Marcos Reilly

Tom H. Luetkemeyer
Marcos Reilly
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
tluetkemeyer@hinshawlaw.com
mreilly@hinshawlaw.com

OF COUNSEL:
Joel L. Lennen
Jeremy L.S. Samek
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jlennen@eckertseamans.com
jsamek@eckertseamans.com

## **CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, deposes and states that a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE, was electronically filed using the Court's CM/ECF system and served upon:

| | |
|---|---|
| Michael A. Johnson | Clayton D. Halunen |
| 415 North LaSalle Street | Halunen, Hahmen & Associates |
| Suite 203 | 80 South Eighth Street |
| Chicago, IL 60610 | 1650 IDS Center |
| | Minneapolis, MN 55402 |

via electronic transmission pursuant to the Court's CM/ECF system this 10th day of December, 2008.

**[X]** *Under penalties as provided by*
*Law pursuant to 735 ILCS 5/ 1-109*
*I certify that the statements set forth*
*Herein are true and correct.*                         /s/ Marcos Reilly

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DAVIS, MICHAEL FELTZ, AND MARK JOHNS, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SOH DISTRIBUTION COMPANY, INC. AND SNYDER'S OF HANOVER, INC.,<br><br>Defendants. | CASE NO. 08-CV-5827<br><br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE BROWN |

**ORDER**

AND NOW, this ___ day of _____, 200__, upon consideration of Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Motion is Granted and that this action is dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a). Additionally, defendant, Snyder's of Hanover, Inc., is dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Finally, Count IV, Unjust Enrichment, and Plaintiffs' claims for attorneys' fees and punitive damages are dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

_____
Judge Gottschall